UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BENNIE McARTHUR TUCKER )<br>)<br>Petitioner )<br>)<br>v. )<br>)<br>JOSEPH F. MCDONOUGH, SHERIFF )<br>)<br>)<br>Respondent ) | Civil Action No.<br>03cv12451-NG |

RESPONDENT'S RETURN AND MEMORANDUM OF LAW
IN SUPPORT OF MOTION TO DISMISS

The Department of Homeland Security[1] moves to dismiss this case because although petitioner has challenged his continuing detention by respondent, he has now been released from respondent's custody, on January 7, 2004. See Attachment A.

Accordingly, since the relief sought by petitioner has now been granted, the case should be dismissed as moot.

---

[1] The Immigration and Naturalization Service of the United States Department of Justice was "abolished" by section 471 of the Homeland Security Act of 2002, Pub. L. 107-296, tit. IV, subtits. D, E, F, 116 Stat. 2135, 2192 (Nov. 25, 2002) ("HSA"). Most of the interior enforcement functions of the former INS were transferred to the Department of Homeland Security ("DHS"), Directorate of Border and Transportation Security, Bureau of Immigration and Customs Enforcement. These changes were effective March 1, 2003. The responsive successor official of the Department of Homeland Security in the instant action is Interim Field Office Director Bruce Chadbourne for the Bureau of Immigration and Customs Enforcement in Boston, Massachusetts.

ARGUMENT

I.  PETITIONER HAS BEEN RELEASED FROM RESPONDENT'S CUSTODY AND THEREFORE THE CASE SHOULD BE DISMISSED FOR MOOTNESS.

"It is well settled that a case is moot 'when the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome, ... or alternatively, when the 'party invoking federal court jurisdiction' no longer has 'a personal stake in the outcome of the controversy.'" Boston & Maine Corp. v. Brotherhood of Maintenance of Way Employees, 94 F.3d 15, 20 (1st Cir. 1996) (citations omitted).

"A case is moot, and hence not justiciable, if the passage of time has caused it completely to lose its character as a present, live controversy of the kind that must exist if the court is to avoid advisory opinions on abstract propositions of law." Laurence H. Tribe, American Constitutional Law S 3-11, at 83 (2d ed. 1988) (internal quotations omitted). Once a case or controversy is moot, a federal court no longer retains jurisdiction to adjudicate the merits of the case. U.S. Const. art. III, S. 2 et seq.; see also U.S. Bancorp Mortgage Co. v. Bonner Mall Partnership, 115 S.Ct. 386, 390 (1994).

Because the result sought in the petition -- release from the custody of the Department of Homeland Security -- has now been effected by petitioner's release from custody on January 7, 2004, there is no live case or controversy and accordingly the petition should be dismissed as moot.

CONCLUSION

Because there is no present case or controversy, this action should be dismissed for mootness.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

By: /s/ Jeremy M. Sternberg
Jeremy M. Sternberg
Assistant U.S. Attorney
United States Attorney's Office
One Courthouse Way, Suite 9200
Boston, MA 02210
(617) 748-3142

Certificate of Service
I hereby certify that a true copy of the above document was served upon (each party appearing pro se and) the attorney of record for each. Other party by mail/hand on _____

1/12/04
DATE          Assistant U.S. Attorney

3